**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES M. LILEY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01326-SNLJ |
| | ) | |
| USA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Charles M. Liley, III is a convicted and sentenced federal prisoner. He brings this civil action to contest the constitutionality of the criminal statutes under which he was convicted. On July 22, 2026, the Court granted Plaintiff's motion to proceed *in forma pauperis* and assessed an initial partial filing fee of $32.74. [Doc. 8]. Plaintiff's partial filing fee payment has now been received by the Court, but because Plaintiff is proceeding *in forma pauperis*, the Court will review his pleadings under 28 U.S.C. § 1915. Based on such review, the Court will dismiss this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Plaintiff's Criminal Background**

In September 2017, a Federal Grand Jury returned an indictment charging Plaintiff Liley with one count of Production of Child Pornography under 18 U.S.C. § 2251(a), and one count of Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B). *U.S. v. Liley*, No. 4:17-cr-00401-SNLJ-1 (E.D. Mo. filed Sept. 6, 2017). Plaintiff waived the filing of any pretrial motions and pled guilty to both counts in February 2020. *Id.* at [Docs. 68, 69]. In May 2021, Plaintiff

was sentenced to 235 months in prison, followed by lifetime supervised release. *Id.* at [Docs. 100, 101]. Plaintiff did not file an appeal.

However, in March 2022, Plaintiff filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, regarding this federal criminal conviction. *Liley v. U.S.*, No. 4:22-cv-00288-SNLJ (E.D. Mo. filed Mar. 10, 2022). In his Amended Motion, Plaintiff sought relief under § 2255 on five (5) grounds including four (4) alleged incidents of ineffective assistance of counsel and an argument that lifetime supervised release "remov[es his] constitutional rights … i.e. 4th amendment right." *Id.* at [Doc. 4]. After a response was filed by the government, this Court denied Plaintiff's motion for § 2255 relief without an evidentiary hearing in November 2024. *Id.* at [Docs. 24, 25].

As summarized in the Court's denial of Plaintiff's § 2255 motion, some of the facts of Plaintiff's underlying criminal conviction are relevant to review of the instant action. In March 2017, a valid search warrant was executed upon Plaintiff's home after Plaintiff's computer's IP address was determined to be the source of images of child pornography on an internet site involved in an authorized undercover investigation. *Liley v. U.S.*, No. 4:22-cv-00288-SNLJ, [Doc. 24 at 2-3]. During the execution of the search warrant, police found photographs of Plaintiff's five-year old stepdaughter on Plaintiff's cell phone, including one in which the stepdaughter was performing oral sex. [*Id.* at 3-4]. The indictment in Plaintiff's criminal case describes Plaintiff's cell phone as a material "that had been mailed, shipped, or transported in interstate and foreign commerce" and that Plaintiff's confiscated computer hard drive (which contained an image and video of child pornography) "was produced outside of Missouri and therefore has traveled in interstate and foreign commerce." *U.S. v. Liley*, No. 4:17-cr-00401-SNLJ-1, [Doc. 2 at 3].

**Plaintiff's Pleadings**

Plaintiff initiated this civil action with a self-represented filing titled "Notice of Constitutional Challenge to 18 U.S.C. §§2251 [and] 2252A Pursuant to Rule 5.1 and Motion to Declare Statutes Unconstitutional." [Doc. 1]. Based on Plaintiff's status as a convicted federal prisoner and his requested relief to vacate his conviction and dismiss the charges brought against him, this filing was construed as a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. However, soon after case initiation, Plaintiff filed a "Motion Clarifying that Constitutional Challenge is not a Motion under 28 U.S.C. §2255 and Seeking Relief Pursuant to Fed. R. Crim. P. 5.1." [Doc. 2]. In that motion, Plaintiff asked the Court to recognize that he is not seeking relief under § 2255, certify his constitutional question to the Attorney General, and preserve his rights under Supreme Court precedent. [*Id.* at 4]. The Court granted Plaintiff's motion in part, recognizing that he was not seeking relief under 28 U.S.C. § 2255, but directing him to clarify his claims by filing an amended complaint on a Court-provided form. [Doc. 3].

Plaintiff's amended civil complaint is brief. [Doc. 4]. He names three (3) defendants: (1) the United States of America; (2) United States Attorney Sayler Fleming; and (3) Assistant United States Attorney Colleen Lang. [*Id.* at 2-3]. Plaintiff states that he was convicted under federal statutes 18 U.S.C. §§ 2251 and 2252A in May 2021 in this United States District Court, resulting in imprisonment. [*Id.* at 7]. He brings this action to "question" these federal statutes, arguing that defendants failed "to see that there was no demonstrated nexus to commerce to presume jurisdiction where none existed." [*Id.*] In an attachment, Plaintiff further explains his arguments, in his own words, as follows:

18 U.S.C. 2251 and 2252A, the statutes presume jurisdiction where none exist.

> Violation of the Fifth Amendment. The statutes are so broadly constructed
>
> That they fail to define the limits of prohibited conduct with the clarity required by due process.
>
> Commerce clause violation, these statutes criminalize conduct that is neither commerce nor substantially affects interstate or international commerce.
>
> Violation of the Tenth Amendment. Criminalizing local conduct that the states are fully competent to regulate.
>
> Violation of the Thirteenth Amendment's Liberty Guarantee

[*Id.* at 5 (punctuation and spacing as in original)].

For relief, Plaintiff seeks a declaration that 18 U.S.C. §§ 2251 and 2252A are unconstitutional, and injunctive relief prohibiting the enforcement of the statutes. [*Id.* at 7].

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Discussion**

Plaintiff states that this civil action is brought under Federal Rule of Civil Procedure 5.1, which provides the notice, certification, and intervention requirements for an action where a party questions the constitutionality of a federal or state statute. *See* Fed. R. Civ. P. 5.1. According to the 2006 Advisory Committee Notes for the Rule:

> The court may reject a constitutional challenge to a statute at any time … This rule does not displace any of the statutory or rule procedures that permit dismissal of all or part of an action—including a constitutional challenge—at any time, even before service of process.

As such, because Plaintiff is proceeding *in forma pauperis*, it is appropriate for this Court to complete a preservice review, under 28 U.S.C. § 1915(e)(2)(B), of Plaintiff's pleadings challenging the constitutionality of these federal statutes. *See also Clemens v. Local One*, No. 4:17CV2381 RLW, 2019 WL 5579584 (E.D. Mo. issued Oct. 29, 2019) (denying reconsideration of a failure-to-state-a-claim dismissal of a Rule 5.1 constitutional challenge of a federal statute).

As discussed in detail below, based on prevailing appellate court precedent, the Court finds that this case should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**I. Plaintiff's Arguments**

Plaintiff challenges the constitutionality of the two (2) criminal statutes under which he was criminally convicted, "both facially and as applied." [Doc. 1 at 1]. Section 2251 of United States Code Title 18 criminalizes the sexual exploitation of children. The subsection that Plaintiff was convicted under states:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a).

Section 2252A of United States Code Title 18 criminalizes certain activities relating to material constituting or containing child pornography. The subsection that Plaintiff was convicted under states:

> Any person who—either—knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped

> or transported in or affecting interstate or foreign commerce by any means, including by computer … shall be punished as provided in subsection (b).

18 U.S.C. § 2252A(a)(5)(B).

Plaintiff's pleadings assert that these federal statutes are unconstitutional because they violate the Fifth Amendment, Commerce Clause, Tenth Amendment, and Thirteenth Amendment. [Doc. 4 at 5].

The Fifth Amendment states in part: "No person shall … be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Plaintiff argues that the two federal criminal statutes at issue violate the Fifth Amendment's due process protection because they are overbroad in their failures "to define the limits of prohibited conduct." [Doc. 4 at 5]. Plaintiff does not specify exactly what limits he is alleging are undefined and overbroad. However, in his original "Notice" which initiated this action,[1] Plaintiff argues that these statutes "extend federal power not merely to economic actors engaged in cross-border conduct, but to private citizens operating within their own homes, within the boundaries of a single state." [Doc. 1 at 2]. According to Plaintiff, "these Statutes unconstitutionally reach beyond the federal government[']s authority, infringe on personal liberties, and disregard state sovereignty." [*Id.*] Plaintiff complains that he "had no fair warning that his conduct would be considered a federal offense." [*Id.* at 3].

The Commerce Clause—in Article 1 of the Constitution—grants Congress the power to "regulate Commerce with foreign Nations, and among several States." U.S. Const. art. 1, § 8, cl.

[1] In light of Plaintiff's self-represented status and the Court's duty to liberally construe self-represented pleadings, the Court will look to the initial "Notice" filed in this case, as well as Plaintiff's Amended Complaint, to attempt to understand Plaintiff's claims and allegations. *See Edmonds v. Meyer*, 842 F. App'x 13 (8th Cir. 2021) (looking to self-represented plaintiff's initial complaint (after he had filed an amended complaint) to understand his intended claims) (citing *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (explaining that courts should construe pro se complaints liberally, meaning that "if the essence of an allegation is discernible," even if not "pleaded with legal nicety," the complaint should be construed "in a way that permits the layperson's claim to be considered within the proper legal framework")).

3. Plaintiff challenges the federal criminal statutes as "criminalizing conduct that is neither commerce nor substantially affects interstate commerce," arguing that his digital files were "wholly intrastate" and "stored in a local device using a private Wi-Fi connection [that] may never traverse state lines." Plaintiff further argues that the federal government "treats the potential or theoretical capacity for [interstate] transmissions as sufficient to justify federal jurisdiction," but that this is "federal overreach." [Doc. 1 at 4]. According to Plaintiff, "[m]erely using a camera or computer in a private setting does not convert a personal act into a matter of national commerce." [*Id.* at 6]. Plaintiff warns that "[i]f Congress may criminalize purely intrastate conduct on the basis that a device used was once part of interstate commerce," then this "renders state governments obsolete … and transfers all criminal regulation to federal prosecutors, contrary to the Constitution[']s federalist structure." [*Id.* at 9].

The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. Here, Plaintiff argues that these federal statutes "usurp" traditional state powers "by federalizing conduct that lacks any clear federal interest" and "disturb[s] the constitutional balance of power between state and federal government." [Doc. 1 at 7].

Finally, the Thirteenth Amendment criminalizes slavery and involuntary servitude, and grants Congress the power to enforce this provision with appropriate legislation. U.S. Const. amend. XIII. In this case, Plaintiff asserts that "[i]f Congress can criminalize all conduct that involves products or tools ever sold in commerce, then liberty is extinguished." [Doc. 1 at 7].

## II. Analysis

The United States Supreme Court discussed "the task of ascertaining the constitutional line between federal and state power" and "determining whether particular sovereign powers have been granted by the Constitution to the Federal Government or have been retained by the States," in *New York v. United States,* 505 U.S. 144, 155 (1992). In that case, the Court stated that such questions can be viewed in either of two ways: a court can inquire as to whether an Act of Congress is authorized by one of the powers delegated to Congress in Article 1 of the Constitution, or a court can determine whether an Act of Congress invades the province of state sovereignty reserved by the Tenth Amendment. However, the Court describes these "two inquiries" as "mirror images of each other," explaining that "[i]f a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States; if a power is an attribute of state sovereignty reserved by the Tenth Amendment, it is necessarily a power the Constitution has not conferred on Congress." *Id.* at 155-56. Applying this inquiry to the federal statutes being challenged here, Petitioner's arguments fail because Eighth Circuit precedent is clear that Congress can validly prohibit conduct involving devices used in the manufacture of child pornography that have traveled in interstate commerce, under its Article 1 Commerce Clause power.

In the 2020 case *United States v. Fortier*, a criminal defendant contested his child-pornography convictions on multiple grounds including that the cell phone he used to record himself having sex with two underage girls "was beyond the reach of Congress to regulate under the Commerce Clause because every action he took was in [a single state] and neither he nor the images crossed state lines." 956 F.3d 563, 566, 570 (8th Cir. 2020). The Eighth Circuit rejected this argument, stating that it has already held numerous times that it is enough if the cell phone

had been "mailed, shipped, or transported" in "interstate or foreign commerce" before the defendant purchased it. *Id.* (citing 18 U.S.C. § 2251(a); *U.S. v. Betcher*, 534 F.3d 820, 824 (8th Cir. 2008) (affirming that mere transportation across state lines of camera used in the manufacture of child pornography was sufficient to form a jurisdictional basis upon which Congress could validly prohibit the charged conduct under its Commerce Clause powers)).

Plaintiff makes the same argument here. According to the indictment in Plaintiff's criminal matter, his cell phone and computer hard drive had both been transported or traveled in interstate commerce, yet Plaintiff alleges that this is not enough to allow regulation under the Commerce Clause and establish federal court jurisdiction. However, the Eighth Circuit has already rejected this argument, finding that transportation across state lines of a device used in the manufacture of child pornography is sufficient to form a jurisdictional basis upon which Congress can validly prohibit the charged conduct under its Commerce Clause powers. Because the Commerce Clause clearly delegates this power to Congress in the Constitution, there is no invasion of state sovereignty. Similarly, as to Plaintiff's Tenth Amendment argument, because Congress was acting pursuant to an enumerated power in the Constitution, there is no violation of the Tenth Amendment.

In addition, the Court recognizes that Plaintiff's arguments in this case sound like those rejected by the Ninth Circuit in a case regarding the same federal statutes. *See U.S. v. Laursen*, 847 F.3d 1026 (9th Cir. 2017), *cert. denied*, 583 U.S. 883 (2017). In that case, a criminally convicted defendant similarly challenged the constitutionality of §§ 2251 and 2252A as vague, overbroad, violative of the Tenth Amendment, and exceeding Congress's power under the Commerce Clause. *Id.* at 1033-35. The Ninth Circuit rejected the overbreadth challenge, discussing the Supreme Court's recognition of protecting children from sexual abuse and

exploitation as a compelling governmental interest, and holding that the defendant's use of a minor to produce pornography was "unquestionably prohibited conduct." *Id.* at 1034. As to the vagueness challenge, the appellate court discussed the Supreme Court's holding that a statute is void for vagueness under the Due Process Clause of the Fifth Amendment if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Id.* (quoting *U.S. v. Williams*, 553 U.S. 285, 304 (2008) (internal citations and punctuation omitted)). Based on this standard, the court found the statutes to not be unconstitutionally vague, stating that it had "no doubt that a person of ordinary intelligence would know that 18 U.S.C. § 2251(a) prohibits using a minor to engage in sexually explicit conduct for the purpose of producing a photograph of the sexual conduct, and that § 2252A prohibits possessing child pornography." *Id.* at 1034-35.

The Ninth Circuit in *Laursen* also rejected the defendant's similar Tenth Amendment challenge that the federal statutes "usurp[ed] the state's authority." The appellate court noted that the Supreme Court has accepted the federalization of child pornography crimes by upholding convictions brought under § 2252A. The court also found that the federal criminal statutes at issue include an interstate nexus. *Id.* at 1035 (citing *Williams*, 553 U.S. at 291). Finally, the court cited well-settled case law to reject the Commerce Clause challenge, finding that Congress can "rationally conclude that homegrown child pornography affects interstate commerce, and therefore Congress may regulate even purely intrastate production of child pornography and criminalize its intrastate possession." *Id.* (quoting *U.S. v. Sullivan*, 797 F.3d 623, 632 (9th Cir. 2015)).

Although this Court can find no Eighth Circuit case that rejects Plaintiff's constitutional challenges like the Ninth Circuit's *Laursen*, the Court acknowledges that the U.S. Supreme Court

denied certiorari review of *Laursen* and recognizes that the *Laursen* holding is in line with Eighth Circuit caselaw like *Fortier* and *Betcher*, which confirmed Congress's power to federally criminalize child pornography under the Commerce Clause. As such, the Court finds that Plaintiff's constitutional challenges of federal criminal statutes §§2251(a) and 2252A under the Fifth Amendment, Tenth Amendment, and Commerce Clause must be rejected. Plaintiff's arguments have already been considered and denied by circuit courts.

Finally, the Court finds no valid and cognizable argument in Plaintiff's claim that federal court criminalization of child pornography violates the Thirteenth Amendment's prohibition against slavery and involuntary servitude. Plaintiff's conclusory assertion that his "liberty is extinguished" by these federal statutes is not enough to state a legal claim. [Doc. 1 at 7]. The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

For all these reasons, the Court holds that Plaintiff's pleadings fail to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Therefore, this case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE